UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------X
VANESSA CLERMONT, on behalf of herself and
all others similarly situated,

                              Plaintiff,

       v.

NATIONAL TENANT NETWORK, INC. and
LCIJ, INC.,

                              Defendants.
-----------------------------------------------------------X

CIVIL ACTION NO.:
2:23-cv-03545

## BRIEF IN SUPPORT OF DEFENDANT NATIONAL TENANT NETWORK'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

                                                   CLAUSEN MILLER, P.C.
                                                   Andrew S. Turkish, Esq.
                                                   Carl M. Perri, Esq.
                                                   100 Campus Drive
                                                   Florham Park, New Jersey 07932
                                                   Tel: 973.410.4130
                                                   Attorneys for Defendant,
                                                   National Tenant Network

11715629.1

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| **Table of Authorities** | ii |
| **Preliminary Statement** | 1 |
| **Facts** | 1 |
| **LEGAL ARGUMENT** | |
| I.   LEGAL STANDARD | 2 |
| II.   PLAINTIFF FAILS TO MEET THE REQUIREMENTS OF RULE 23(a) | 3 |
|     A.   The Class is Not Ascertainable | 3 |
|     B.   Plaintiff Fails to Establish Commonality or Typicality | 5 |
|     C.   Plaintiff is Not an Adequate Class Representative | 6 |
| III.   PLAINTIFF FAILS TO SATISFY RULE 23(b)(3) | 7 |
|     A.   Individual Issues Predominate | 8 |
|     B.   A Class Action is Not the Superior Method of Adjudication | 9 |
| **Conclusion** | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................................................3, 7, 9

*Carrera v. Bayer Corp.*,
   727 F.3d 300 (3d Cir. 2013) ..........................................................................................3, 5

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) ..............................................................................................................3

*Dugan v. TGI Fridays*,
   445 N.J. Super. 59 (App. Div. 2016) ...........................................................................8, 9

*Hayes v. Wal-Mart Stores, Inc.*,
   725 F.3d 349 (3d Cir. 2013) ...............................................................................................3

*Hoxworth v. Blinder, Robinson & Co.*,
   980 F.2d 912 (3d Cir. 1992) ...............................................................................................5

*In re Hydrogen Peroxide Antitrust Litig.*,
   552 F.3d 305 (3d Cir. 2008) ...............................................................................................3

*Marcus v. BMW of N. Am., LLC*,
   687 F.3d 583 (3d Cir. 2012) ...........................................................................................3, 9

*Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ...................................................................................................5

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ........................................................................................................3, 6

**Statutes**

15 U.S.C. § 1681a(d) ................................................................................................................8

**Other Authorities**

Federal Rule of Civil Procedure 23 ................................................................................*Passim*

## PRELIMINARY STATEMENT

Plaintiff's Motion for Class Certification seeks to certify a nationwide class under Rule 23(b)(3), alleging that Defendant National Tenant Network, Inc. ("NTN") (and co-defendant LCIJ) violated the Fair Credit Reporting Act ("FCRA") by mailing postcards that qualify as "consumer reports" without permissible purpose. However, the motion fails to demonstrate that the prerequisites of Rule 23(a) or Rule 23(b)(3) are met. The proposed class is neither ascertainable nor cohesive, and Plaintiff's individual circumstances and alleged injuries are not typical or common across the putative class. Even assuming arguendo that the postcards were "consumer reports" under the FCRA, which defendants dispute, significant individualized inquiries would be necessary to resolve key factual and legal issues, rendering class certification inappropriate.

## FACTS

In January 2023, while residing at 25 Kingsley Street in West Orange, New Jersey, Plaintiff Vanessa Clermont intercepted a postcard addressed to her landlord, Kristen Venning. The postcard referenced a prior eviction filing and included Plaintiff's name (all 100% accurate information). According to Plaintiff's testimony, she retrieved the postcard from a common mailbox area that also contained mail for the landlord. Although it was not addressed to her, she took possession of it because it contained her name. *See* **Exhibit "A"**, Plaintiff Clermont's Deposition Testimony at 58:10 – 62:18 attached to the Certification of Andrew S. Turkish, Esq. (hereinafter "Turkish Cert."). The eviction referenced in the postcard stemmed from a prior court action related to Plaintiff's tenancy at 25 Kingsley Street. Plaintiff conceded that the eviction information contained in the postcard was accurate. Id. at 93:8-17. Notably, Plaintiff did not testify that she was applying for housing or engaged in any housing-related transaction at the time she received the postcard, nor did she claim that the postcard interfered with any such activity. *See generally*, **Exhibit "A"**

1

attached to Turkish Cert. More than a year later, in 2024, Plaintiff moved to a different property, 92 Millburn Avenue in Springfield, New Jersey, a Garden Communities development. There is no evidence in the record that the postcard had any effect on her later move or any other transaction. Id. at 98:20 – 99:9.

The postcard was created and mailed by co-defendant LCIJ, Inc., a New Jersey-based franchisee of NTN. Testimony from both NTN and LCIJ confirms that LCIJ generated the postcard, selected the recipients, and oversaw the mailing of these postcards. *See* **Exhibit "B"**, Graves Deposition Testimony at 51:16-24; 54:18-23; 56:22 - 57:4 (NTN's Owner); *see also* **Exhibit C**, Borodin Deposition Testimony at 26:23 – 28:9 (LCIJ employee); *see* **Exhibit D**, Abramovitz Deposition Testimony at 23:13-24; 24:25 – 25:20 (LCIJ's owner) (all exhibits are attached to Turkish Cert.). A copy of the postcard shows it is a marketing solicitation, not a tenant-screening report, and contains no confidential credit or consumer information *See* **Exhibit "E"**, Copy of Postcard attached to the Turkish Cert. LCIJ's purpose in mailing the postcard was to solicit business from landlords and its targeted audience were landlords. *See* Abramovitz Deposition Testimony at 25:15-20 (**Ex. "A"**) attached to Turkish Cert. It is undisputed that Plaintiff was most definitely not the intended recipient of the postcard.

## LEGAL ARGUMENT

### I. LEGAL STANDARD

To obtain class certification under Federal Rule of Civil Procedure 23, Plaintiff bears the burden of establishing by a preponderance of the evidence that the proposed class satisfies the four prerequisites set forth in Rule 23(a): '(1) the class is so numerous that joinder of all members is impracticable [numerosity]; (2) there are questions of law or fact common to the class [commonality]; (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class [typicality]; and (4) the representative parties will fairly and adequately protect the interests of the class [adequacy].' See *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 n.6 (3d Cir. 2008), as amended (Jan. 16, 2009) (quoting Fed. R. Civ. P. 23(a)); *See* also, *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012).

A plaintiff must also demonstrate that the proposed class is "ascertainable", i.e., defined by objective criteria and administratively feasible. See *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013); *Carrera v. Bayer Corp.*, 727 F.3d 300, 305 (3d Cir. 2013).

Under Rule 23(b)(3), Plaintiff must further show that common questions of law or fact predominate over individualized issues and that a class action is the superior method for fairly and efficiently adjudicating the controversy. See *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615–16 (1997). Courts must undertake a "rigorous analysis" to determine whether these requirements have been met. See *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011).

## II. PLAINTIFF FAILS TO MEET THE REQUIREMENTS OF RULE 23(a)

To obtain class certification, Plaintiff must establish that the proposed class satisfies all four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. She has not done so and her class certification motion should be denied.

### A. The Class is Not Ascertainable

The plaintiff must demonstrate that the proposed class is ascertainable. This requires a showing that: (1) the class is defined with reference to objective criteria, and (2) there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition. See *Carrera v. Bayer Corp.*, 727 F.3d 300, 305 (3d Cir. 2013). Plaintiff

3

cannot satisfy either prong.

Here, the proposed class consists of individuals who allegedly "received" a marketing postcard from a franchisee of NTN. However, the record is unclear on who actually received such postcards, how or where they were delivered, and whether they were ever seen by the intended recipients. In fact, Plaintiff herself did not receive the postcard through any direct mailing. She found it in a shared mailbox (or shared mail area) for her landlord. She testified that the postcard was addressed to someone else, and that she only picked it up because she noticed her name printed in the body of the card. *See* Clermont Deposition Testimony at 58:10 – 62:18 (**Ex. "A"**) attached to Turkish Cert. Plaintiff also admitted that she has no knowledge of how many other postcards were sent, to whom, or how many were similarly misdirected. There is no documentary evidence identifying the recipients, nor any centralized database or list from which class members could be objectively and reliably identified.

The franchisee responsible for mailing the postcard, LCIJ, Inc., did not maintain a log or record of recipients. LCIJ testified that the cards were mailed in bulk using information from a third-party vendor, and that he does not know to whom they were sent. *See* Borodin Deposition Testimony at 16:9 – 17:9. (**Ex. "C"**) attached to Turkish Cert. NTN, as the franchisor, maintains no concrete tracking information. *See* Abramovitz Deposition Testimony at 24:25 – 25:25 (**Ex. "D"**) attached to Turkish Cert.

In short, identifying the proposed class members would require fact-specific, individualized inquiries. This would include reviewing who may have viewed postcards, who retrieved them from shared mailboxes, and whether they were directed to the individual or merely mentioned them. Such determinations are not administratively feasible and would undermine the efficiency that Rule 23 is designed to promote. As the Third Circuit has held, where class

membership is not objectively verifiable and would require "mini-hearings" or affidavits from each claimant, ascertainability is not satisfied. See *Carrera*, 727 F.3d at 308.

Accordingly, the proposed class is not ascertainable, and certification must be denied on this basis.

B. **Plaintiff Fails to Establish Commonality or Typicality**

Plaintiff also fails to meet the commonality and typicality requirements under Rule 23(a)(2) and (3). To satisfy these elements, a plaintiff must show that her claims arise from the same course of conduct and are based on the same legal theories as those of the proposed class. See *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 923 (3d Cir. 1992); *Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). The facts surrounding Plaintiff's experience with the postcard, however, are unique and atypical in every meaningful way.

Plaintiff did not receive a postcard addressed to her. She testified that the card was addressed to her landlord and that she retrieved it from a shared mailbox at the residence where she was already living. *See* Clermont Dep. 58:10 – 62:18 (**Ex. "A"**) attached to Turkish Cert. This is not a situation in which a consumer was targeted directly with credit-related information during a housing search or financial transaction. There is no evidence that Plaintiff was applying for housing, seeking a lease, or engaged in any consumer-initiated transaction at the time she encountered the postcard. In fact, she testified that she was already residing at the address and never stated that she was applying for housing or that any transaction was disrupted.

Moreover, Plaintiff acknowledged that the underlying eviction referenced in the postcard was in fact filed, though it was later dismissed. *See* Clermont Deposition testimony at 93:8-17 (**Ex. "A"**) attached to Turkish Cert. This raises additional individual issues regarding the truth or falsity of the information conveyed, and whether the content would even be actionable as to her under

5

11715629.1

the Fair Credit Reporting Act (FCRA). Whether the postcard was misleading or harmful would have to be evaluated differently for each recipient, based on their circumstances, housing status, and the factual accuracy of the eviction report referenced.

In contrast to Plaintiff's unique circumstances, other putative class members, to the extent they exist, may have received postcards addressed directly to them, while applying for housing, or in the midst of financial transactions. Others may not have viewed the postcards at all, or may not have found the content objectionable or inaccurate. These fundamental differences go directly to the heart of liability and damages under Plaintiff's claims and preclude any finding of commonality or typicality.

Because the underlying facts of Plaintiff's experience are idiosyncratic and not representative of the broader class she seeks to certify, her claims are not "typical" of the class, and there are no "common" questions that can be resolved in one stroke. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Class certification is therefore inappropriate.

### C. Plaintiff is Not an Adequate Class Representative

Adequacy requires that both the class representative and class counsel be capable of fairly and adequately protecting the interests of absent class members. See *Behrend*, 569 U.S. at 33. This entails both (1) that the proposed representative has no fundamental conflict of interest with the class, and (2) that she will vigorously prosecute the case through qualified counsel. Plaintiff fails the first prong.

Plaintiff's factual circumstances are so distinct and individualized that she cannot adequately represent others who may have received postcards in wholly different contexts. She was not the intended recipient of the postcard at issue. She found it in a shared mailbox, addressed to her landlord, at a property where she already resided. She did not testify that she was engaged

6

in any consumer transaction or seeking housing when the postcard arrived. There is no evidence that the communication impacted her credit, rental prospects, or reputation.

Put differently, Plaintiff seeks to represent a class of individuals who purportedly received unsolicited eviction-related postcards, yet she herself was not actually targeted by the mailing. Her claims are, at best, attenuated and speculative, and rely on indirect harm resulting from a document that was neither sent to her nor connected to a pending transaction.

These distinctions are not trivial. They create a misalignment of interests between Plaintiff and the absent class members she seeks to represent. A named plaintiff whose claim is weaker, less typical, and factually isolated is not in a position to zealously advocate for stronger claims on behalf of others. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 (1997) ("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members.")

Moreover, Plaintiff's lack of personal knowledge regarding the alleged conduct further undermines adequacy. She testified that she does not know who sent the postcard, how many were mailed, who they were sent to, or how they were generated. She cannot meaningfully advance class-wide discovery or testify to issues common to all members. Her participation is too passive and her injury too tenuous to support the burdens of class litigation.

For these reasons, Plaintiff is not an adequate class representative, and her motion for certification should be denied.

### III. <u>PLAINTIFF FAILS TO SATISFY RULE 23(b)(3)</u>

Even if Rule 23(a) were satisfied, Plaintiff must also show that (1) common questions predominate over individualized issues and (2) a class action is superior to other available methods of adjudication. She fails on both counts.

11715629.1

A. <u>**Individual Issues Predominate**</u>

The threshold question under the Fair Credit Reporting Act (FCRA) is whether the communication at issue qualifies as a "consumer report" under 15 U.S.C. § 1681a(d), and whether it was used or intended to be used for a permissible purpose under § 1681b. These questions cannot be answered class-wide.

Plaintiff's theory rests on the assertion that the postcard constituted a consumer report used for an impermissible purpose. However, the facts of her case demonstrate that she was not engaged in any housing transaction at the time of the alleged mailing. She never testified that she was applying for housing, completing a lease application, or transacting with a prospective landlord. Rather, she testified only that she was living at 25 Kingsley Street at the time she retrieved the postcard addressed to her landlord. *See* Clermont Deposition Testimony at 7:9-15 (**Ex. "A"**) attached to Turkish Cert. There is no evidence that she was ever the intended recipient of the postcard, nor any indication that its content caused a denial of housing or credit.

The question of whether other recipients were actually subject to consumer report use, whether their postcards were materially different, whether they were affected in a similar way, or whether the information in the postcards was accurate or misleading are all inherently fact-specific inquiries that would require individualized evidence and adjudication. These issues cannot be resolved through common proof and would require mini-trials on threshold elements of liability, causation, and damages.

Recent jurisprudence underscores the necessity for a class to be defined with reference to objective criteria, ensuring that membership is determinable without extensive individual fact-finding. In *Dugan v. TGI Fridays*, 445 N.J. Super. 59 (App. Div. 2016), the court reversed class certification, highlighting that individual inquiries, such as whether a customer asked for drink

8

prices, predominated over common issues. The predominance requirement mandates that common questions of law or fact outweigh individual ones. In *Dugan*, the court emphasized that the need to evaluate each customer's experience to determine liability meant that individual issues predominated. Similarly, in our case, determining whether each recipient of the postcard was affected in a manner that gives rise to liability under the Fair Credit Reporting Act would require individualized assessments. Factors such as the recipient's housing status, whether they were actively seeking housing, and the impact of the postcard on their housing opportunities are all individual considerations that cannot be addressed on a class-wide basis.

### B. A Class Action is Not the Superior Method of Adjudication

Even if common questions predominated, which they do not, Plaintiff cannot demonstrate that a class action is a superior method for adjudicating this dispute. The superiority requirement of Rule 23(b)(3) demands that the class mechanism be not only efficient, but also preferable to individual adjudication in light of case-specific factors. These include: (1) the interest of members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun; (3) the desirability or undesirability of concentrating the litigation in the particular forum; and (4) the likely difficulties in managing a class action. *See* Fed. R. Civ. P. 23(b)(3); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615-16 (1997).

In *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 593 (3d Cir. 2012), the Third Circuit emphasized that Rule 23(b)(3) is not satisfied where a class will require the court to conduct a series of mini-trials to determine liability. Here, a class proceeding would be unmanageable. As discussed above, there is no list of recipients, no uniformity in content or delivery of the postcards, and no way to determine, without individualized inquiry, who received a postcard, whether they

9

read it, whether they were the intended recipient, and whether the postcard had any effect. Plaintiff herself was not the intended recipient (her landlord was) and cannot speak to whether others had similar experiences. Mini-trials would be needed for each class member on threshold issues of standing, liability, and damages.

Given the highly individualized nature of the facts and the lack of any administratively feasible method to identify class members, a class action is not the superior method of adjudication. Individual actions, if any, are warranted and are better suited to address the fact-intensive inquiries raised by these claims.

## CONCLUSION

For the foregoing reasons, Defendant National Tenant Network, Inc. respectfully requests that the Court deny Plaintiff's Motion for Class Certification in its entirety. Plaintiff has failed to carry her burden of demonstrating that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied. The proposed class is not ascertainable, and Plaintiff's claims are atypical, individualized, and factually dissimilar from those of absent class members. Individualized issues predominate, and a class action is not a superior method of adjudication.

Respectfully Submitted,

Dated: July 9, 2025

**CLAUSEN MILLER, P.C.**

_____
Andrew S. Turkish, Esq.
Carl M. Perri, Esq.
Attorneys for Defendant,
National Tenant Network, Inc.

10

11715629.1